IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEE OWENS,

        Applicant,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 07-267 BB/RHS

ROBERT TENORIO, et al.,

        Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court on consideration of Applicant Lee Owens' "Application for a Writ of Habeas Corpus Pursuant to a 28 U.S.C. § 2254 by a Person in State Custody" ("Petition"), filed March 19, 2007 **[Doc. No. 1]** and Respondents' "Answer," filed April 23, 2007 **[Doc. No. 8]**. Petitioner is proceeding *pro se* and *in forma pauperis*.

    2. Applicant was confined pursuant to the Judgment, Sentence and Commitment of the Thirteenth Judicial District Court of the County of Valencia.[1] Pursuant to a guilty plea, Applicant was convicted of the crime of Aggravated Assault (Deadly Weapon) and was sentenced to "serve eighteen (18) months in the Department of Corrections followed by one (1) year parole." (Judgment, Sentence and Commitment ¶ 1, Ex. A attached to Answer[2]).

    3. Respondents contend Applicant's Petition may be dismissed without prejudice because "Petitioner has failed to exhaust the various claims raised in the Petition."[3] (Answer ¶ 6).

---

    [1]Respondents state that Applicant has been released from incarceration. (<u>See</u> Answer ¶ 2).

    [2]All exhibits referenced in this document are attached to Respondents' Answer.

    [3]Respondents contend that Applicant has filed neither a direct appeal nor a state habeas corpus petition. (Answer ¶ 6).

Respondents further contend that "a state habeas corpus petition is an available state court remedy" for Applicant. (Answer ¶ 7).

4. A review of Applicant's Petition and the exhibits attached to the Answer indicates that Applicant has not directly appealed or otherwise availed himself of state post-conviction relief. Although Applicant filed a Motion to Reduce Sentence in state district court, nothing indicates that he appealed the denial of that motion or otherwise presented any claims to a New Mexico state appellate court. (See Exs. C, D).

5. In general, before a petitioner may seek review of a state conviction in federal court, he must exhaust all remedies in the state court system. See 28 U.S.C. § 2254(b),(c); Picard v. Connor, 404 U.S. 270, 275-76 (1971); Knapp v. Henderson, 166 F.3d 347, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998) (unpublished opinion). In other words, a state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). As Respondents point out, New Mexico law provides Applicant at least one means by which to raise his claims in state court. See NMSA §§ 44-1-1, et seq.; NMRA 5-802.

6. In this case, the Applicant has failed to show that he has exhausted his available state court remedies. See Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995) (habeas petitioner has burden of showing state court remedies have been exhausted). When a habeas petitioner fails to show that he has exhausted his claims in state court, a federal court has two choices. "First, it may dismiss the petition [without prejudice] and allow the petitioner to return to state court to exhaust his claims. Second, it may deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies." Moore v. Schoeman, 288 F.3d 1231, 1232 (10th Cir. 2002) (quoted in Jurasek v. Brown, No. 2:05CV462DAK, 2006

WL 978711 (D.Utah Apr. 11, 2006) (not reported in F.Supp.2d)).

7. The Court finds that Applicant may have further available means in state court for pursuing his claims. However, Applicant has not afforded the New Mexico state courts any opportunity to address the violations that he alleges. In this case, the Court declines to exercise its discretion to dismiss the Petition on its merits and recommends that the Petition be dismissed without prejudice due to lack of exhaustion of state court remedies. When Applicant has exhausted his claims in an appeal and/or through post-conviction relief in state court, he may then bring his constitutional claims to federal court in a habeas petition.

### Recommendation

The Court recommends that Applicant Lee Owens' Application for a Writ of Habeas Corpus Pursuant to a 28 U.S.C. § 2254 by a Person in State Custody **[Doc. No. 1]** be **dismissed without prejudice** due to lack of exhaustion.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE